UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| L. C. WHITEHEAD, JR.,<br><br>                         Plaintiff,<br>v.<br><br>FLOYD MITCHELL,<br>DEB BOYD,<br>P. POLCZYNSKI,<br>CAPTAIN CAIRA, and<br>SERGEANT PETTERSON,<br><br>                         Defendants. | Case No. 13-CV-750-JPS<br><br><br><br>**ORDER** |

      Plaintiff L. C. Whitehead, Jr. ("Whitehead"), proceeding *pro se* while incarcerated at Jackson Correctional Institution in Black River Falls, Wisconsin, brings this action under 42 U.S.C. § 1983 against various employees of the Milwaukee Secure Detention Facility in Milwaukee, Wisconsin, alleging various deprivations of rights secured by the Constitution. (Docket #9-1).[1] In lieu of the requisite filing fee, Whitehead filed

---

[1] In an order dated August 23, 2013, the Court found that Whitehead's original complaint (Docket #1) contained "a lengthy and convoluted narrative that is not organized coherently or cogently." (Docket #7, 2). That order directed Whitehead "to file an amended complaint using the form to be provided by the Clerk of Court *and duly-adhering to the instructions thereof.*" (*Id.*) (emphasis in original).

      By the prescribed deadline, Whitehead's amended complaint (Docket #9-1) was filed along with a request – ostensibly to hedge against the risk that his mail did not reach the Court in time – for leave to belatedly file his amended complaint (Docket #9). That motion will be denied as moot and the Court will direct the Clerk of Court to formally docket Whitehead's amended complaint (Docket #9-1) into the record.

a motion seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Docket #2).[2]

The court is required to screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[A]ny portion of the complaint" that "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief" must be dismissed by the Court. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Based on a review of Whitehead's amended complaint (Docket #9-1) – which, notwithstanding the leave granted by the Court, remains largely incoherent – it appears as though Whitehead's claims are rooted in an allegation that Sergeant Petterson, on the morning of February 6, 2013, "violated the institution [sic] policies and procedures for verb [sic] usage of foul language while in an [sic] treatment setting, by cussing [Whitehead] out in front of C.O. Wilson and many inmates, an[d] telling [Whitehead] 'I'm fucking fired[.]'" (Docket #9-1, 3-6).[3] In particular, Whitehead claims that this

---

[2] In accordance with 28 U.S.C. § 1915(b)(1), the plaintiff has been assessed and has paid the requisite initial partial filing fee.

[3] Ostensibly, the term "fired" was used colloquially to convey to Whitehead that Whitehead was being disqualified from an institutional program on the basis of a rules violation.

single expletive caused his already precarious mental state to deteriorate further and that none of the other defendants would take seriously Sergeant Petterson's verbal transgression. *See Id*.

A prison guard's fleeting expletive is plainly not an adequate basis for claiming deprivations of rights secured by the Constitution. Therefore, the Court is obliged to find Whitehead's complaint to be frivolous because it is based on an indisputably meritless legal theory.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time (Docket #9) to file his amended complaint (Docket #9-1) be and the same hereby is **DENIED as moot**; the Clerk of Court is directed to formally docket the plaintiff's amended complaint (Docket #9-1) in the record.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly

payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge